MATTER OF WU

In Visa Petition Proceedings

A-13743684

*Decided by District Director June 13, 1967*

Since vocational counseling, which requires a college degree at the 4-year level as a minimum requirement for entry into that field, is a profession within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended, and beneficiary is a qualified vocational counselor, having an M.A. degree in education with a major in counseling and guidance as well as experience in the field, a visa petition is granted to accord her preference classification under section 203(a)(3) of the Act as a vocational counselor (rehabilitation).

The petition was filed to accord third preference classification to the beneficiary as a member of the professions based upon her qualifications as a vocational counselor (rehabilitation). The beneficiary is a female, born in Shantung, China, a citizen of the Republic of China, age 29, presently residing in Mt. Ranier, Maryland, with her husband.

The beneficiary received her bachelor of science degree in education from Taiwan Normal University, Taipei, Taiwan, in 1962, and master's degree in education from Miami University, Oxford, Ohio, in June 1965. Her major field of study was counseling and guidance. She was employed as a teacher and counselor from September 1961 to July 1963 by the Taiwan School for the Blind and Deaf, Taipei, Taiwan; from September 1964 to June 1965 as a graduate assistant, helping the professors organize teaching material in the field of mental retardation, and participated in a research project on the mentally retarded programs offered by the colleges and universities in the United States by Miami University, Oxford, Ohio; from September 1965 to February 1966 as assistant residence director, providing guidance and counseling for student with academic and personal problems by the Catholic University of America, Washington, D.C.; and from April 1966 to present as a vocational rehabilitation counselor by the District of Columbia, Department of Vocational Rehabilitation, Washington, D.C. The beneficiary intends to engage in her profession in the United States.

459

321-654—69——31

Under section 212(a) (14) of the Immigration and Nationality Act, as amended, a third preference immigrant is ineligible for an immigrant visa and for admission to the United States unless the Secretary of Labor issues a certification to the effect that qualified workers are not available in the United States and that the employment of the alien will not adversely affect the wages and working conditions of persons similarly employed in this country. Pursuant to section 204.2(f), Title 8, Code of Federal Regulations, the required labor certification must be obtained before any visa petition is approved for third preference classification.

In Schedule A, Group I, section 60, Title 29, Code of Federal Regulations, the Secretary of Labor has indicated that he has, in advance, issued a "blanket" certification pursuant to section 212(a) (14) of the Act with respect to all "Persons who received an advance degree in a particular field of study from an institution of higher learning accredited in the country where the degree was obtained (comparable to a Ph. D. or master's degree given in American colleges or universities)."

The Education Directory 1965-1966, Part 3, Higher Education, published by the Department of Health, Education, and Welfare lists Miami University, Oxford, Ohio, as an accredited university. Therefore, the master's degree bestowed upon the beneficiary is sufficient to qualify her for the "blanket" certification authorized by the Secretary of Labor.

Section 101(a) (32) of the Act, as amended, provides that, "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, and teachers in elementary or secondary schools, colleges, academies or seminaries."

The beneficiary's vocation, that of vocational counselor, is not specifically named in section 101(a) (32) of the Act as a profession. However, the Dictionary of Occupational Titles, Volume I, Definitions of Titles, Second Edition, published in 1949 by the Department of Labor, lists the occupation of "vocational counselor" as "professional and kindred" (page 1457). The Third Edition of that Volume published in 1965, on page 173 also classifies the position of vocational counselor as "professional and kindred." In addition, Volume II of the Third Edition of the Dictionary, at page 295, contains the following statements concerning the nature of the work and the educational and training requirements for entry into the occupation of vocational counselor and related occupations: "Work activities in this group primarily involve guiding and/or counseling individuals or groups in the solution of occupational, educational, personal or social problems. Typical situations would be assisting prison parolees in gaining employment and adjusting to society; . . . counseling unhappy or frustrated

workers or jobseekers into more fulfilling work; . . .". "A college de-gree is the minimum requirement for entry into this field. In most cases, education beyond the 4-year college level is required. . . . Most municipal and State governments and private organizations require two years of graduate study. . . . Most States issue counselor certifi-cates only to people with a master's degree or the equivalent in coun-selor education, as well as actual teaching experience."

The high degree of education and experience required for entry into the field of vocational counselor is comparable to the degree of educa-tion required for the specific professions named in section 101(a)(32), *supra.* Accordingly, it is concluded that the applicant as a vocational counselor is a qualified member of the professions.

**ORDER:** It is ordered that the petition be approved and the bene-ficiary accorded third preference under section 203(a)(3) of the Im-migration and Nationality Act, as amended.

461